# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Jennifer Nixon<br><br>  Plaintiff,<br><br>v.<br><br>Northstar Location Services, LLC<br><br>  Defendant. | Case No. 2:14-cv-157<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

2. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

3. Defendant, Northstar Location Services, LLC, ("NLS"), uses a predictive dialer system.

4. Before NLS began contacting Plaintiff, Jennifer Nixon, ("Jennifer"), it and Jennifer had no prior business relationship and Jennifer had never provided express consent to NLS to be contacted on her cellular telephone.

5. NLS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

6. The principal source of NLS's revenue is debt collection.

7. NLS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

8. As described, *infra*, NLS contacted Jennifer to collect a debt that was incurred primarily for personal, family, or household purposes.

9. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

10. Jennifer is a "consumer" as defined by 15 U.S.C. §1692a(3).

11. On several occasions, the dates of which will be discovered through discovery, NLS willingly and knowingly used an automatic telephone dialing system to call Jennifer on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

12. Around October 2013, NLS contacted Jennifer on her cellular phone in connection with the collection of the debt.

13. On or around November 20, 2013, NLS contacted Jennifer's parents, ("Parents"), on Parents' home telephone in connection with the collection of the debt.

14. During this communication NLS disclosed to Parents that Jennifer owed the debt.

15. At the time of this communication, NLS already had Jennifer's location information.

16. Around December 2013, Jennifer requested NLS cease further calls to Jennifer.

17. Despite this request, NLS, on numerous occasions, contacted Jennifer on her cellular phone in connection with the collection of the debt, most recently around December 30, 2013.

18. On or around December 23, 2013, NLS contacted Jennifer's brother-in-law, ("Brother-in-law"), on Brother-in-law's cellular phone, in connection with the collection of the debt.

19. During this communication, NLS disclosed to Brother-in-law that Jennifer owed the debt.

20. At the time of this communication NLS already had Jennifer's location information.

21. NLS caused Jennifer severe emotional distress.

22. NLS attempted to collect a debt from Jennifer.

23. NLS violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:___/s/ Jeffrey S. Hyslip_____
    Jeffrey S. Hyslip (OH Bar # 0079315)
    One of Plaintiff's Attorneys
    917 W. 18th St., Suite 200
    Chicago, IL  60608
    Telephone: 312-380-6110
    jeffrey@lifetimedebtsolutions.com

Date: February 13, 2014